William M. Aron (SBN No. 234408)
**ARON LAW FIRM**
15 West Carrillo Street, Suite 217
Santa Barbara, CA 93101
Tel: (805) 618-1768
bill@aronlawfirm.com

*Attorneys for Plaintiff and the Class*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIN POP, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEACH BUNNY SWIMWEAR, INC., LADY AMELIA LABRADOR, ALEXANDRA ABBATE, ANABEL SANCHEZ, CELISA FRANCO, TIKA CAMAJ, and VLADA GLUKHOVA,<br><br>Defendants. | Case No.: 2:25-cv-4085-MWC<br><br>Honorable Michelle Williams Court<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND FOR LEAVE TO FILE MOTION FOR CLASS CERTIFICATION WITHIN 30 DAYS** |

Plaintiff, ALIN POP, by his undersigned attorneys Bogdan Enica, Keith L. Gibson and William M. Aron, and requests entry of an Order of Default Judgment against Defendant Influencer Alexandra Abbate ("Abbate") and in support thereof states as follows:

This is a class action filed against Beach Bunny Swimwear Inc, ("BBS") a swimwear manufacturer and retailer, and six social media influencers that endorsed BBS products on Instagram. In order to artificially increase the price for BBS products,

Defendants failed to disclose the fact that the Influencers were compensated for endorsing BBS, doing go in violation of consumer protection laws enacted in California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Louisianna, Michigan, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, Oklahoma, South Carolina, Tennessee, Vermont, Washington, and Wisconsin. Due to the undisclosed endorsements, Plaintiff paid for the BBS products a premium and seeks to recover the difference between the market value of the products and the price paid.

On May 16, 2025, Plaintiff mailed Abbate a notice of filing the lawsuit, the Complaint and a waiver of service form by following the requirements of Rule 4(1). Abbate returned the executed waiver that was filed with the Court on June 12, 2025.

Since Abbate failed to file an answer or otherwise defend within the time prescribed, the Court previously entered a clerk's default on July 24, 2025 [ECF# 25], and set a deadline of August 25, 2025, for Plaintiff to file his Motion for Default Judgment [ECF #26].

Pursuant to L.R. 55-1, Plaintiff submits the affidavit attached as Exhibit 1. Defendant Abbate will be served the current motion by email at the same time with the filing of the current motion.

As of August 25, 2025, Defendant Abbate has not appeared in this case, has taken no action to vacate the clerk's default, and no attorney filed an appearance on her behalf.

Plaintiff therefore requests the Court to enter a default judgment against Defendant Abbate on behalf of Plaintiff and the Putative Class.

Pursuant to Rule 55(b), the Court may enter default judgment against a defendant who failed to plead or otherwise defend in an action. "The district court decision is a discretionary one." *Aldabe v. Aldabe,* 616 F2d 1089. 1092 (9th Cir. 1980).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2)

the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

With respect to the first *Eitel* factor, the possibility of prejudice to the plaintiff, Plaintiff would suffer prejudice if the default judgment is not entered because Plaintiff would be without other recourse for recovery. Furthermore, since, by defaulting, Defendant is deemed to have admitted the truth of Plaintiff's averments, the evidence before the Court established that Plaintiff needs to be compensated for his loss. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 499 (C.D. Cal. 2003).

The second and third *Eitel* factors refer to the and the sufficiency of the Plaintiff's complaint. The Complaint alleges the elements of CLRA, UCL, as well as negligent misrepresentation and unjust enrichment. To date, no served Defendant challenged the sufficiency of the Complaint by filing a motion to dismiss. "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). As such the second and third factors weigh in favor of entering default judgment on behalf of Plaintiff. *See CMA CGM S.A. v. Ocean Line Logistics Inc.,* No. 220CV06210FWSRAO, 2022 WL 3009461, at *5 (C.D. Cal. June 3, 2022).

While the fourth factor considers the amount of money at stake in the action, not the entire amount of damages can be attributed to Abbate. Plaintiff requests leave to move for class certification within 30 days and to submit evidence as to the amount of damages. Plaintiff will submit a request for costs and attorney's fees, pursuant to Rule 54(d) and Rule 23(h).

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND FOR LEAVE TO FILE CLASS CERTIFICATION MOTION WITHIN 30 DAYS

The fifth *Eitel* factor considers the possibility of dispute as to any material facts. "Upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true" *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977). Accordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion.

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. Defendant was properly served with summons and complaint. Although Defendant did not respond to the Complaint, he contacted Plaintiffs' counsel, returned the waivers and requested that service is done by email rather than USPS. "Given Defendant's early participation in the matter, the possibility of excusable neglect is remote." *PepsiCo, Inc. v. California Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)

As to the seventh factor, "[t]he preference to decide cases on the merits does not preclude a court from granting default judgment." *Kloepping v. Fireman's Fund,* No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996). "Although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where defendants refuse to litigate" *J & J Sports Prods., Inc. v. Concepcion*, No. C 10-05092 WHA, 2011 WL 2220101, at *2 (N.D. Cal. June 7, 2011). As such, in this case, the specific considerations made in this case overweight the general policy in favor of merits decisions.

Because all factual allegations in the complaint are taken as true, including the allegations of Defendant's conduct, Plaintiff should be entitled to statutory damages, including attorney's fees. *See Quincy Bioscience, LLC v. Book Scoop, LLC*, No. CV 22-9248-JFW(KSX), 2023 WL 4291476, at *2 (C.D. Cal. May 2, 2023).

Further, as Plaintiff's Complaint is plead as a class action pursuant to Fed. R. Civ. Pro. 23, Plaintiff requests leave to file her Motion for Class Certification against

Defendant Abbate within 30 days. Pursuant to Fed. R. Civ. Pro. 23, Plaintiff is required to plead and file a motion setting forth allegations of the elements required therein.

      WHEREFORE, Plaintiff requests that its Motion for Default Judgement and for Leave to File her Motion for Class Certification within 30 days be granted and for any other relief this Court deems appropriate.

Dated: August 25, 2025      Respectfully Submitted,

s/Bogdan Enica
Bogdan, Enica, Esq. (*Pro Hac Vice*)
**KEITH GIBSON LAW P.C.**
1200 N Federal Hwy., Ste.300
Boca Raton FL 33432
Telephone: (305) 306-4989
Email:Bogdan@KeithGibsonLaw.com

**Keith L. Gibson, Esq.** (*Pro Hac Vice*)
**KEITH GIBSON LAW P.C.**
586 Duane Street, Suite 102
Glen Ellyn IL 60137
Telephone: (630) 677-6745
Email: Keith@KeithGibsonLaw.com

William M. Aron (SBN No. 234408)
**ARON LAW FIRM**
15 West Carrillo Street, Suite 217
Santa Barbara, CA 93101
Tel: (805) 618-1768
Bill@AronLawFirm.com

*Attorneys for Plaintiff and the Putative Class Members*

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND FOR LEAVE TO FILE CLASS CERTIFICATION MOTION WITHIN 30 DAYS

# CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, the foregoing document was filed electronically with the Clerk of Court and will be served via the Court's ECF filing system on all counsel of record.

/s/ Bogdan Enica
Bogdan Enica, Esq. (*pro hac vice*)
KEITH GIBSON LAW, P.C.
1200 N. Federal Highway, Suite 300
Boca Raton, FL 33432
(305) 306-4989
bogdan@keithgibsonlaw.com