UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:25-cv-04085-MWC-MBK                               Date: October 15, 2025

Title   Alin Pop v. Beach Bunny Swimwear, Inc. *et al.*

Present: The Honorable:   Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order DENYING Plaintiff's Motion for Default Judgment as to Alexandra Abbate (Dkt. 39) and DENYING AS MOOT Plaintiff's Motion for Remote Hearing (Dkt. 40).**

  Before the Court is Plaintiff Alin Pop's ("Plaintiff") Motion for Default Judgment ("Motion") against defendant Alexandra Abbate ("Abbate").  Dkt. # 39; 39-1 ("*Mot.*").  The Court finds the matter appropriate for decision without oral argument and **VACATES** the October 17, 2025 hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers, the Court **DENIES** Plaintiff's Motion without prejudice to refiling the Motion once the action is concluded as to all other parties.  The Court **DENIES** as **MOOT** Plaintiff's motion for leave to appear at the hearing remotely.  Dkt. # 40.

  I. Background

  This case is a putative class action filed against defendants Beach Bunny Swimwear Inc. ("BBS"), a swimwear manufacturer and retailer, and six social media influencers ("Influencers") who endorsed BBS products on Instagram.  *See* Dkt. # 1 ("*Compl.*").  Plaintiff alleges that defendants failed to disclose the fact that the Influencers were compensated for endorsing BBS, in violation of consumer protection laws enacted in various states.  *See id.* ¶¶ 1–8.  Abbate is one of the Influencer defendants.  *Id.* ¶¶ 1, 35.

  On May 16, 2025, Plaintiff mailed Abbate a notice of filing the lawsuit, the Complaint, and a waiver of service form, pursuant to Federal Rule of Civil Procedure 4(a).  *Mot.* 2.  On June 3, 2025, Abbate signed the waiver of service, which was filed with the Court on June 4, 2025.  Dkt. # 12.  On July 24, 2025, the Clerk of Court entered default against Abbate.  Dkt. # 25.  On July 25, 2025, the Court directed Plaintiff "to file a motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-04085-MWC-MBK | Date: October 15, 2025 |
| Title  Alin Pop v. Beach Bunny Swimwear, Inc. *et al.* | |

for default judgment or, other appropriate dispositive motion on or before August 25, 2025." Dkt. # 26. On August 25, 2025, Plaintiff filed the Motion, but it was stricken for failure to set it for hearing. *See* Dkt. # 34. On September 10, 2025, Plaintiff re-filed the Motion. *See Mot.*

### II.   Discussion

"The leading case on the subject of default judgments in actions involving multiple defendants is *Frow v. De La Vega*, 82 U.S. 552 (1872)." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). Under *Frow*, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *Id*. at 532. "It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *Id*. It would be "incongruous and unfair" to allow a party to prevail against defaulting defendants on a theory rejected by the court as to answering defendants. *Id*.

"Courts have expanded the *Frow* doctrine beyond its original context of jointly liable co-defendants. It also applies to co-defendants who are similarly situated, such that the case against each rests on the same legal theory." *Clear View Enters., LLC v. Lott*, No. 2:23-CV-01359-DC-SCR, 2025 WL 2680140, at *2 (E.D. Cal. Sept. 19, 2025) (quotation omitted). "*Frow* was clearly mandated by the Court's desire to avoid inconsistent adjudications as to liability. … Therefore, it would be an abuse of discretion by the district court to enter default judgments that may create inconsistent judgments among multiple defendants." *United Fabrics Int'l Inc. v. Life N Style Fashions, Inc*., No. 2:15-cv-05733-ODW (Ex), 2015 WL 7454512, at *1 (C.D. Cal. Nov. 23, 2015).

Here, the claims against Abbate are factually and legally intertwined with the claims against non-defaulting BBS and the other Influencers, which Plaintiff acknowledges. *See Mot.* 3:25–4:2 ("not the entire amount of damages can be attributed to Abbate"). In light of BBS continuing to actively litigate and defend the case, and no other defaults having been entered, the Court declines to consider Plaintiff's Motion until his claims against the remaining defendants have been fully adjudicated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-04085-MWC-MBK                           Date: October 15, 2025

Title      Alin Pop v. Beach Bunny Swimwear, Inc. *et al.*

III.   Conclusion

The Court **DENIES** Plaintiff's Motion for Default Judgment without prejudice to Plaintiff refiling the Motion once the action is concluded as to all other parties.

The Court's July 25, 2025 order is **DISCHARGED**, and Abbate will not be dismissed without further notice by the Court. *See* Dkt. # 26.

**IT IS SO ORDERED.**

:
**Initials of Preparer**   TJ